■ SALVATORE GRIPPO et al., Respondents, v. PUBLIC TAXI OF SCHENECTADY, Defendant, and GORDON RUSSELL, Appellant.— *Per Curiam.* Appeal by defendant Russell, from a judgment of the County Court of Schenectady County entered upon a verdict of $1,500, and from so much of an order of said court as denied defendant's motion to set aside said verdict, in an action by plaintiff to recover damages for the medical care and treatment of his wife and for his loss of her services, society and consortium, incurred by reason of defendant's negligent operation of a motor vehicle whereby the wife sustained disabling personal injuries; the ground urged being that the verdict was excessive. While it is interesting to note that the verdict exceeds the wife's verdict of $1,000 in her personal injury action, no appeal has been taken by either party from the judgment entered upon it and, since it is not before us, we may not consider whether it was reasonable in amount or inadequate or excessive; nor may we otherwise give any effect to it in evaluating the husband's verdict, which is properly before us. There was uncontradicted medical testimony that the wife sustained a sprain in the right shoulder area, as well as cervical and lumbo-sacral sprains, with lasting if not permanent effects, and an abrasion and contusion of the inner aspect of the ankle which resulted in the permanent aggravation of a varicose vein condition; this requiring support and medication in future and giving rise to recurrent breakdowns. The attending physician testified to objective symptoms corroborative of most of the wife's complaints; his bill was $168; and although the record contains a complete bill of particulars and a demand for physical examination following service thereof, the attending physician's testimony, and that of the wife as to her observable condition and disablement, stand entirely without contradiction. Plaintiff was employed at a small wage as matron in a department store. Aged 62 years, she and her husband have been married for 42 years, are the parents of five children and reside together at Scotia. Prior to the accident, she maintained the household, taking care of the home after returning at night from work. Although she was away from work only the first two days after the accident, in November, she lost additional days, by reason of her injuries, in May and again in August and at the time of the trial was still experiencing pain and difficulty with her leg and ankle, which she exhibited to the jury, and which require medication and a special shoe. On the trial, about 13 months after the accident, she was asked to tell "how you do your housework now, and how you have done it since the accident", and replied: "Well, I don't do much more nights, because I can't

stand on my legs * * * My husband has to help with the chores." Upon this proof of the incapacities of the wife, substantial deprivation and damage on the part of plaintiff husband are apparent, but we do find that the verdict was excessive by the amount hereinafter indicated. Judgment and order reversed, on the facts, and a new trial, to be confined to the issue of damages (CPLR 4404) ordered, with costs to plaintiff to abide the event; unless plaintiff shall, within 20 days after service of the order to be entered hereon, stipulate to reduce the verdict to $1,000, in which event the order and judgment, as so reduced, and with appropriate interest and costs, are affirmed, without costs in this court. Settle order. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.